UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWN WYGANT, *individually, and as next friend of minor children A.W., J.W., G.W., and N.W.*;
A.W., *a minor child by Shawn Wygant, next friend*;
J.W., *a minor child by Shawn Wygant, next friend*;
G.W., *a minor child by Shawn Wygant, next friend*;
N.W., *a minor child by Shawn Wygant, next friend*,

    *Plaintiffs*,

v.

MARY STRAND and
MICHIGAN DEPARTMENT OF HUMAN SERVICES,

    *Defendants*.
_____/

CASE NO. 09-11684

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

For the reason set forth below, **IT IS RECOMMENDED** that the four minor Plaintiffs, and all claims asserted by them, be *sua sponte* dismissed from the case.

**II.   REPORT**

By order of U.S. District Judge Thomas L. Ludington, this civil rights case was referred to the undersigned magistrate judge for general pretrial case management on May 18, 2008. The *pro se* complaint alleges that Defendant Michigan Department of Human Services and Defendant Mary Strand, a foster care social worker, violated the plaintiffs' constitutional rights to due process and

equal protection during the process that led to the termination of Plaintiff Shawn Wygant's parental rights. State law claims such as gross negligence, intentional infliction of emotional distress, false reporting of child abuse, failure to report child abuse, and falsely swearing under oath are also alleged. (Am. Compl., Doc. 3.)

Four of the plaintiffs are not properly before the Court because they are minors and are attempting to litigate without representation by a licensed attorney, which is strictly prohibited in federal court. *See Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (parents cannot appear *pro se* on behalf of their minor children).

On June 4, 2009, Plaintiff Shawn Wygant was ordered to show cause why all claims brought by the minor plaintiffs should not be dismissed for violation of the rule that minors may only appear in federal court when represented by a licensed attorney. (Doc. 6.) After one extension of time, Plaintiff's response to the show-cause order was due on August 31, 2009. No response was received.

Accordingly, because the four minor children are not represented by counsel and there has been no indication from Plaintiff Shawn Wygant that an appearance by a licensed legal representative is imminent, I suggest that the minor plaintiffs and all claims purportedly asserted by them be dismissed without prejudice from the case.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                         s/ *Charles E Binder*
                         CHARLES E. BINDER
Dated: November 3, 2009          United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served by first class mail on Shawn Wygant, 210 Canada St., Oscoda, MI, 48750-1601; and served on District Judge Ludington in the traditional manner.

Date: November 3, 2009         By   s/*Jean L. Broucek*
                                       Case Manager to Magistrate Judge Binder