UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWN WYGANT et al.,

                    Plaintiff,

v.                                                   Case Number 09-CV-11684
                                                     Honorable Thomas L. Ludington

MARY STRAND et al.,

                    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO VACATE AND MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This case presents the question of whether a plaintiff who did not timely respond to a motion to dismiss, a report and recommendation, or an order dismissing the case for lack of prosecution establishes "excusable neglect" under Federal Rule of Civil Procedure Rule 60(b)(1).

The defendants' motion to dismiss was filed in October 2011. The plaintiff did not respond. In January 2012, a report and recommendation was issued recommending that the case be dismissed for lack of prosecution. The plaintiff did not respond. In February 2012, an order was entered adopting the report and recommendation and dismissing the complaint. Judgment was also entered in favor of the defendants. Six weeks passed. Still, the plaintiff did not respond. Finally, on March 26, 2012, the plaintiff filed a motion to vacate the judgment for excusable neglect pursuant to Rule 60(b)(1). ECF No. 40. Plaintiff explains his lack of prosecution of his cause by detailing his difficulty in accessing relevant pleadings and his assumption that he need not respond to Defendant's motion or the reports and recommendations.

For the following reasons, the Court concludes that Plaintiff has not demonstrated that his neglect was excusable. The motion to vacate will be denied.

**I**

This case began on May 1, 2009, when Plaintiff Shawn Wygant filed a complaint in his individual capacity and as next friend of his four minor children. ECF No. 1. Appearing pro se, Plaintiff also filed an application to proceed in forma pauperis, which was granted. ECF Nos. 2, 5. On May 4, 2009, Plaintiff filed an amended complaint. ECF No. 3. The amended complaint asserts various claims against Mary Strand, a foster care social worker, and the Michigan Department of Human Services. The claims arise out of a series of events that resulted in the termination of Plaintiff's parental rights.

Pursuant to 28 U.S.C. § 636(b), the case was referred to United States Magistrate Judge Charles E. Binder. ECF No. 4. On November 3, 2009, Judge Binder issued a report recommending that the claims asserted on behalf of the minor children be dismissed. ECF No. 9. Plaintiff did not file objections to the report and recommendation. On February 3, 2010, the Court adopted the report and recommendation. ECF No. 10. Noting that parents cannot appear pro se on behalf of their minor children in federal court, the Court dismissed the claims.

On October 8, 2010, Defendants moved to dismiss the remaining counts. ECF No. 15. Judge Binder issued a notice that requested Plaintiff respond to the motion on or before November 8, 2010. ECF No. 16. Plaintiff did not do so. On January 18, 2011, having received no response from Plaintiff, Judge Binder issued a report recommending that Defendants' motion to dismiss be granted in part and denied in part. ECF No. 17. On February 4, 2011, Plaintiff requested an extension of time to file objections. ECF No. 20. The Court granted the motion. ECF No. 23.

About this time, Plaintiff also applied for and received access to the Court's electronic filing system. ECF No. 22. Plaintiff then filed objections to the report and recommendation. ECF No. 24. He supplemented his objections on March 15 and June 6, 2011. ECF Nos. 25, 29. On August 8, 2011, an opinion and order was entered adopting the report and recommendation and granting in part and dening in part Defendants' motion to dismiss. ECF No. 30.

On August 10, 2011, Judge Binder entered an order for further proceedings. ECF No. 31. In pertinent part, the order provided:

> If either party wishes to file a dispositive motion on the remaining claim, that motion is due no later than October 28, 2011. A response to any dispositive motion will be due by November 25, 2011, and any reply will be due by December 13, 2011. Upon the filing of a reply, the dispositive motion will be considered submitted on the pleadings and ready for report and recommendation, without hearing, pursuant to E.D. Mich. LR 7.1(f)(2).
>
> If no dispositive motion is filed by the deadline, the Court will schedule a telephone conference with the parties to confirm that this matter is ready to proceed to trial.

On October 28, 2011, Defendants timely filed a motion to dismiss. ECF No. 32. November 25, 2011, came. Again, Plaintiff did not respond to Defendants' motion.

On January 24, 2012, Judge Binder issued a report recommending the case be dismissed for want of prosecution. ECF No. 33. Noting that Plaintiff had not responded to the motion, nor had any communication with the Court regarding this litigation since June 2011, Judge Binder recommended that the Court dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure Rule 41(b). More time passed. Again, Plaintiff did not respond.

On February 13, 2012, the Court adopted the report and recommendation and entered a judgment dismissing the complaint without prejudice. ECF Nos. 34, 35. In its order, the Court informed Plaintiff that under the holding of *Smith v. Detroit Federation of Teachers Local 231*,

829 F.2d 1370(6th Cir. 1987), the failure to file objections to the report and recommendation waived any further right to appeal.

On March 13, 2012, Plaintiff filed a notice of appeal and an application to proceed in forma pauperis on appeal. ECF Nos. 36, 37. On March 26, 2012, an order was entered denying the application to proceed in forma pauperis. ECF No. 39. The same day, Plaintiff filed a motion to vacate the judgment for excusable neglect pursuant to Rule 60 and a second motion to proceed in forma pauperis on appeal. ECF Nos. 40, 41.

## II

"On motion and just terms," Rule 60 provides in pertinent part, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Plaintiff contends that the Court should vacate the judgment "based on excusable neglect," explaining:

> Plaintiff was not served a copy of [Defendant's second motion to dismiss] and when he tried to retrieve an electronic pdf copy from the Court's server it was not available making it impossible for Plaintiff to respond to the motion.
>
> At the time, Plaintiff tried to log into PACER and the CM/ECF District Court server however he did not have access to any documents and could not download the Defendant's second motion to dismiss.
>
> Plaintiff then awaited the court's decision on the Defendant's motion thinking that he could not proceed with prosecuting the case until the Court ruled on the Defendant's second motion to dismiss.
>
> Under this impression, the Plaintiff assumed that the Court would make a ruling on the Defendant's motion and if that ruling was in favour of Plaintiff the Court would then schedule a telephone conference to confirm whether the case was ready to proceed to trial.

Pl.'s Mot. to Vacate ¶¶ 4–7 (internal citations omitted).  Elaborating on why he did not prosecute his cause after the report and recommendation issued, Plaintiff further explains:

> Plaintiff found an electronic notice of [the report and recommendation] in his email account but the link to an electronic copy of the report was not active and he could not retrieve the document in order to respond as was the case with second motion to dismiss. . . .
>
> Plaintiff then requested a copy of [the report and recommendation and Defendant's second motion to dismiss] but was told by the Court over the phone that he would have to drive to Bay City in order to obtain a copy and the Court would not mail him a copy . . . .
>
> Plaintiff then made arrangements to borrow a vehicle to drive to Bay City to pick up a copy of the order however by that time, February 13, 2012, the Court had already issued a ruling Adopting the Report and Recommendation to Dismiss for Want of Prosecution.

Pl.'s Mot. to Vacate ¶¶ 10, 12–13.  Plaintiff does not explain, however, why he then delayed another six weeks before filing the motion pursuant to Rule 60(b)(1).

To evaluate whether relief is appropriate under Rule 60(b)(1), the Sixth Circuit instructs, courts are to consider three factors: "(1) culpability — that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense.  A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors."  *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457–58 (6th Cir. 2011) (quoting *Gumble v. Waterford Twp.*, 171 F. App'x 502, 506 (6th Cir. 2006)).

As Defendants note, the Sixth Circuit further instructs that "[t]he failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect."  *Cacevic v City of Hazel Park*, 226 F3d 483, 490–91 (6th Cir. 2000) (emphasis omitted) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984)).

In this case, the motion to dismiss was filed in October 2011. Plaintiff did not respond. He explains that "when he tried to retrieve an electronic pdf copy from the Court's server it was not available . . . . Plaintiff then awaited the court's decision on the Defendant's motion thinking that he could not proceed with prosecuting the case until the Court ruled on the Defendant's second motion to dismiss." Pl.'s Mot. to Vacate ¶¶ 4, 6. Plaintiff did not attempt to obtain a paper copy. He did not request an extension of time (as he had done on two previous occasions). By his own acknowledgement, he simply "awaited the court's decision."

Three months passed. In January 2011, a report and recommendation was issued recommending that the case be dismissed for lack of prosecution. Plaintiff acknowledges that he received "an electronic notice of [the report and recommendation] in his email account." *Id*. ¶ 10. Again, Plaintiff did not respond. He did not request an extension of time.

Explaining his inaction, Plaintiff writes that the "electronic copy of the report was not active." *Id*. Plaintiff asserts that he "made arrangements to borrow a vehicle to drive to Bay City to pick up a copy of the order however by that time, February 13, 2012, the Court had already issued a ruling Adopting the Report and Recommendation to Dismiss for Want of Prosecution." *Id*. ¶ 13. Plaintiff does not, however, explain why he did not request an extension of time in the interim, as he had done in the past. Nor does Plaintiff explain why he waited another six weeks to file his motion to vacate.

In sum, Plaintiff has not established that his neglect was excusable. Conscious of the obstacles that Plaintiff encountered, the Court nevertheless concludes that Plaintiff has not demonstrated a lack of culpability. (Because Plaintiff has not done so, the Court does not reach the remaining *Flynn* factors. In passing, however, the Court notes that Plaintiff's motion makes

no substantive assertions regarding whether he holds a meritorious claim.) The motion to vacate will be denied.

### III

Plaintiff next moves for leave to proceed in forma pauperis on appeal. ECF No. 41. As this Court has previously explained, Plaintiff waived his right to appeal by not filing objections to the report and recommendation. "In the interest of judicial economy," the Sixth Circuit instructs, "this circuit established in *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981), that a party must file timely objections with the district court to avoid waiving appellate review. By operation of this supervisory rule, only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987) (citing *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984); *Patterson v. Mintzes*, 717 F.2d 284, 286 (6th Cir.1983)). Plaintiff is not entitled to proceed in forma pauperis on appeal.

### IV

Accordingly, it is **ORDERED** that Plaintiff's motion to vacate (ECF No. 40) is **DENIED**.

It is further **ORDERED** that Plaintiff's motion to proceed in forma pauperis on appeal **DENIED**.

Dated: May 8, 2012

                                              s/Thomas L. Ludington  
                                              THOMAS L. LUDINGTON  
                                              United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means on May 8, 2012.

                                            s/Tracy A. Jacobs
                                            TRACY A. JACOBS