UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWN WYGANT,

        Plaintiff,                        Case No. 1:09-cv-11684

v.                                          Honorable Thomas L. Ludington
                                             United States District Judge

MARY STRAND and MICHIGAN
DEPARTMENT OF HUMAN SERVICES,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO CORRECT THE RECORD, CORRECTING THE RECORD REGARDING PLAINTIFF'S PARENTAL RIGHTS, AND DENYING PLAINTIFF'S MOTION FOR EXPEDITED REVIEW AS MOOT**

In May 2009, Plaintiff Shawn Wygant—individually and on behalf of his four minor children—sued Defendants Michigan Department of Human Services (DHS) and Mary Strand, a foster care social worker. ECF Nos. 1; 3. His *pro se* Amended Complaint generally alleged that Strand deprived Plaintiff and his children of their constitutional rights and "caused them to be separated from all contact with each other" beginning in October 2005. ECF No. 3 at PageID.11. Plaintiff sought a total of $30,000,000 for the alleged loss of these parent-child relationships, pain and suffering, and "exemplary damages" for Defendants' alleged "intent and motive . . . to destroy" his "name, reputation, and capacity to earn income." *Id.* at PageID.25.

In November 2009, Magistrate Judge Charles Binder issued a report (R&R) recommending that this Court dismiss the four minor Plaintiffs, noting that minors cannot proceed *pro se* in federal court and parents cannot appear *pro se* on behalf of minor children. ECF No. 9 (citing *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002)). In this R&R, Judge Binder characterized Plaintiff Wygant's allegations as follows:

> The *pro se* complaint alleges that Defendant[s] violated the plaintiffs' constitutional rights to due process and equal protection during the *process that led to the termination of [Mr.] Wygant's parental rights.*

*Id.* at PageID.49–50 (emphasis added). But Plaintiff never explicitly alleged that his parental rights were terminated. *See* ECF No. 3. He instead alleged that Defendant Strand improperly initiated parental termination proceedings in state court, and that, as a result of these proceedings, he was improperly prevented from contacting his children. *Id.* at PageID.23–24. The confusion seems to stem from Plaintiff's allegation that Defendants "terminante[d his] substantial rights" throughout these proceedings. *Id.* at PageID.11. Yet, despite this apparent factual error, Plaintiff did not object to Judge Binder's first R&R under Civil Rule 72 and accordingly waived his right to challenge Judge Binder's findings. *See* ECF No. 10. So this Court adopted the R&R in February 2010 and dismissed the minor Plaintiffs. *Id.*

Defendants filed a joint motion to dismiss in October 2010. ECF No. 15. Defendants argued (1) DHS was entitled to Eleventh Amendment sovereign immunity; (2) Strand was entitled to common law social-worker immunity; (3) Plaintiff's 42 U.S.C. § 1983 claims were barred by the applicable statute of limitations; and (4) Plaintiff otherwise failed to state viable claims. *See* ECF No. 15. Notably, Defendants repeatedly characterized Plaintiff's allegations as stemming from the "termination of [his] parental rights." *Id.* at PageID.77; *see also id.* at PageID.80, 82

In January 2011, Judge Binder issued another R&R recommending Defendants' motion to dismiss be granted in large part. ECF No. 17. Like the first, this second R&R referenced "the termination of Plaintiff's parental rights." *Id.* at PageID.93, 103, 106. Substantively, the R&R recommended DHS be dismissed as immune under the Eleventh Amendment. *Id.* at PageID.100. As to Defendant Strand, the R&R concluded that she was immune from Plaintiff's state law claims. *Id.* at PageID.100–02. And although the R&R concluded Plaintiff did not state viable equal

protection or procedural due process claims, it concluded Plaintiff pleaded a plausible substantive due process claim, and this claim was not barred by the applicable statute of limitations. *Id.* at PageID.102–07. So, this sole claim survived the motion-to-dismiss stage against Defendant Strand. *See generally* ECF No. 17.

All Parties objected to this second R&R. ECF Nos. 18; 19; 24; 25. Again, Plaintiff did not object to Judge Binder's factual assertion that Plaintiff's parental rights were terminated, and continued to use language that, in hindsight, seemingly confused the Court and Defendants. *See, e.g.*, ECF No. 24 at PageID.157. (alleging his "right to a parent-child relationship . . . ha[d] been completely terminated"); ECF No. 25 at PageID.194 (noting there was a "*de facto* termination of Plaintiff's parental rights"). On August 8, 2011, this Court overruled all objections, adopted the R&R, and granted Defendants' Motion to Dismiss in large part. ECF No. 30. In so doing, the undersigned also referenced the termination of Plaintiff's parental rights. *Id.* at PageID.268

Thereafter, Plaintiff abandoned the case. So, in January 2012, Judge Binder issued a third R&R recommending this Court dismiss Plaintiff's remaining claim for failure to prosecute. ECF No. 33. Plaintiff did not object or otherwise respond. So this Court adopted the R&R, dismissed the remaining claim, and closed the above-captioned case on February 13, 2012. ECF Nos. 34; 35. One month later, Plaintiff appealed. ECF Nos. 36; 42. But the Sixth Circuit dismissed Plaintiff's appeal on March 4, 2013 for failure to prosecute. *See* ECF No. 48.

Over *ten years* later, Plaintiff filed a *pro se* Motion to Correct the Record, ECF No. 49, and a separate Motion seeking an "expedited ruling." ECF No. 52. Plaintiff argues that his parental rights were *never* terminated and accordingly seeks to strike any erroneous reference to this termination throughout the record in the above-captioned case under Civil Rule 60(a). Defendants responded that, although their reference to the termination of Plaintiff's parental rights was based

on their interpretation of his pleadings, DHS "performed a review of its records and could find no documents terminating Plaintiff's parental rights."[1] ECF No. 50 at PageID.486–87. Accordingly, Defendants "do not oppose entry of an appropriate order to clarify Plaintiff's allegations" and reflect that his parental rights were never terminated. *Id.*

Civil Rule 60 allows the court to "correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). The basic purpose of this rule is to authorize the court to correct [mechanical] errors . . . that arise from oversight or omission. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (distinguishing between "blunders in execution," which can be corrected through Rule 60(a) and "changes" in judgment which cannot). This Court agrees with Plaintiff and Defendants that the record in the above-captioned case is littered with erroneous references to the termination of Plaintiff's parental rights. So Plaintiff's Motion to Correct the Record will be granted. Because this correction is immaterial to the outcome of Plaintiff's case—which was ultimately dismissed over a decade ago for failure to prosecute—"the Court needs to do nothing more difficult than the ministerial task of correcting the record." *Harrington v. Plehn-Dujowich*, No. 1:21-CV-00960-PAB, 2025 WL 50226, at *2 (N.D. Ohio Jan. 8, 2025) (internal quotations omitted).

Accordingly, it is **ORDERED** that Plaintiff's Motion to Correct the Record, ECF No. 49, is **GRANTED.**

Further, it is **ORDERED** that all references in the record to the termination of Plaintiff's parental rights—contained in the following citations—are **MISTAKEN AND HEREBY CORRECTED**:

- ECF Nos. 9; 15; 17; 30

---

[1] It remains unclear why it DHS did not "review . . . its records" on this point over ten years ago.

- *Wygant v. Strand*, No. 09-11684-BC, 2010 WL 455393 (E.D. Mich. Feb. 3, 2010)
- *Wygant v. Strand*, No. 09-11684-BC, 2011 WL 3440760 (E.D. Mich. Aug. 8, 2011)
- *Wygant v. Strand*, No. 09-CV-11684, 2012 WL 446248 (E.D. Mich. Jan. 24, 2012), *report and recommendation adopted*, No. 09-CV-11684, 2012 WL 460450 (E.D. Mich. Feb. 13, 2012); and
- *Wygant v. Strand*, No. 09-CV-11684, 2012 WL 1605968 (E.D. Mich. May 8, 2012).

Plaintiff's parental rights, as the Michigan Department of Human Services concedes, have not been terminated as of the date of this Opinion & Order.

Further, it is **ORDERED** that Plaintiff's Motion for Expedited Review, ECF No. 52, is **DENIED AS MOOT.**

Dated: July 15, 2025

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge